UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 08-10088-RWZ

UNITED STATES OF AMERICA

v.

MANUEL VILLALONA-AGUASVIVAS

ORDER

December 17, 2009

ZOBEL, D.J.

## I.     Overview

Defendant Manuel Villalona-Aguasvivas has been charged in a superseding indictment with conspiracy to possess with intent to distribute heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1), along with two counts of making a false statement in an application for a passport in violation of 18 U.S.C. § 1542, and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A.  He now moves to suppress evidence obtained during the execution of a search warrant at his residence on January 9, 2009, on the ground that the search warrant was not supported by probable cause.  (Docket # 25.) For the reasons discussed below, the motion to suppress is denied.

## II.    Legal Standard

In general, to establish probable cause to obtain a search warrant for a residence, a supporting affidavit must establish (1) that a crime was committed; and (2)

that there is probable cause to believe that evidence of such crime is located at the residence to be searched.  See United States v. Ribeiro, 397 F.3d 43, 48-49 (1st Cir. 2005).  A "fair probability that contraband or evidence of a crime" will be found at the residence is sufficient.  See United States v. Khounsavanh, 113 F.3d 279, 283 (1st Cir. 1997).  There is no dispute that the affidavit established that a crime was committed.  Nor is there any dispute that the defendant resided at 104 Columbia Road, Apt. 9, Dorchester, Massachusetts.  He listed that address as his when registering with the Massachusetts Registry of Motor Vehicles; he has conceded as much in his moving papers.  The issue, then, is whether the affidavit submitted in support of the search warrant is sufficient to establish the requisite nexus between the defendant's residence at 104 Columbia Road and the alleged criminal activity.

Here, the affidavit in support of the search warrant contained allegations that on at least three occasions, defendant's alleged drug activities had a connection with the 104 Columbia Road residence.  See Affidavit of Special Agent Matthew M. Deignan ("Deignan Aff.") (Docket # 31-2, Exhibit 1).  First, on October 14, 2008, a confidential source called defendant's girlfriend, Antonia Arias, and arranged a meeting to buy drugs the next day.  On October 15, 2008, the confidential source called Arias to confirm the meeting and, thereafter, two people left 104 Columbia Road, got into a 2005 Nissan Armada registered to Arias, and drove to a Dunkin' Donuts, where defendant and Arias sold heroin to the confidential source.  (See Deignan Aff. ¶¶ 11-17.)  Second, on November 28, 2008, an undercover officer and a confidential source drove to 104 Columbia Road and entered defendant's apartment.  (See Deignan Aff.,

¶¶ 30-32.)  Once in the apartment, the three discussed the terms of a drug transaction, including drug price and quantity.  (Id. at ¶ 31.)  Defendant told the confidential source that he did not then have, but could get, heroin for the buyers.  (Id.)  Third, on January 9, 2009, defendant left 104 Columbia Road, got into a car, arrived at a Dunkin' Donuts, and, along with Arias, attempted to sell heroin to a confidential source when he was arrested, all within a 45-minute period.  (See Deignan Aff., ¶¶ 35-43.)  Taken together, these events establish the requisite nexus between the residence and the alleged criminal activity.

Defendant contends that this evidence is insufficient for three reasons: (1) there was no continuous surveillance of the vehicle during the October 15, 2008, sale (and thus the drugs could have been stored at a "stash house" or other location); (2) there was no exchange of drugs or money during the November 28, 2008, meeting (a reasonable inference of which is that defendant did not store drugs at his residence); and (3) there is no evidence that defendant removed anything from his residence prior to attempting the January 9, 2009, sale.

Each contention is without merit.  The law does not require continuous surveillance.  See, e.g., United States v. Ribeiro, 397 F.3d at 50 (finding probable cause where, inter alia, police were unable to maintain continuous surveillance, but lost a tail of defendant for a 10-minute period).  Nor does it require that a defendant be seen with drugs at the residence.  See United States v. Fortes, 2006 WL 344963, *2 (D. Mass. 2006) (finding affidavit met nexus requirement where court concluded there was "little significance to the fact that officers did not actually see [defendant] carry

3

anything that could be thought to be contraband from the apartment."). Finally, the law does not require that drugs themselves be present. A warrant may properly seek drugs or related contraband, including drug paraphernalia, records, or proceeds. See United States v. Ribeiro, 397 F.3d at 47, 50-51 (finding probable cause where affidavit sought drug paraphernalia, currency, and records related to drug trade); see also In the Matter of the Search of Apt. 9, Columbia Road, Search Warrant (Docket # 31, Attachment A) (warrant seeks drugs, drug paraphernalia, documents relating to drugs, including ledgers, notes, customer lists, bank records, credit card bills, currency, drug residue, firearms and ammunition).

### III.   Conclusion

For these reasons, I find that there was probable cause to believe that the evidence sought in the search warrant would be found in the 104 Columbia Road residence. Accordingly, defendant's motion to suppress (Docket # 25) is DENIED.[1]

|  |  |
|---|---|
| December 17, 2009 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |

---

[1] Defendant also contended that the warrant was defective insofar as it failed to describe the items to be seized with the requisite particularity and was overbroad. (See Def.'s Motion to Suppress, Docket # 25 at 1). However, since this issue was not briefed, the court deems it abandoned. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (issues not briefed or argued are deemed abandoned).

UNITED STATES DISTRICT JUDGE